**FILED**
**Jul 21, 2021**
**03:12 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT COOKEVILLE

| | | |
|---|---|---|
| **JOEY BAILEY,** | ) | **Docket No.: 2021-04-0026** |
| **Employee,** | ) | |
| **v.** | ) | |
| **COUNTRY FARM & HOME** | ) | **State File No.: 800054-2021** |
| **CENTER, LLC.** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Robert Durham** |
| **FFVA MUT. INS. CO.** | ) | |
| **Insurer.** | ) | |

---

### EXPEDITED HEARING ORDER
### GRANTING BENEFITS

---

This Court held an Expedited Hearing on July 8, 2021. Mr. Bailey sought medical and temporary disability benefits for a right-foot injury. Country Farm asserted the injury did not primarily arise out of and in the course and scope of employment because it was idiopathic. The Court holds that Mr. Bailey is likely to prove at trial that his injury arose primarily out of employment and is entitled to workers' compensation benefits.

### History of Claim

It is undisputed that on November 2, 2020, Mr. Bailey tore a tendon in his right foot while working as a delivery driver for Country Farm.[1] However, Country Farm argued that Mr. Bailey's various accounts of the incident support its contention that the injury was idiopathic in nature and did not arise primarily out of Mr. Bailey's employment. Thus, the Court will summarize these accounts in chronological order.

Mr. Bailey immediately notified Country Farm's general manager, Paul Schultz,

---

[1] The parties also agreed to the following: (1) Mr. Bailey's compensation rate is $422.06; (2) Mr. Bailey has been unable to work for Country Farm since the date of injury; and, Mr. Bailey received one month of temporary total disability benefits.

1

that he had injured his right foot and was in severe pain. Mr. Schultz told him to go to a walk-in clinic for immediate care. That same day, Mr. Schultz sent an email to human resource manager Sara Elder that stated Mr. Bailey told him "he stepped on the moffett and something popped in his foot."[2] Later, his affidavit stated that Mr. Bailey informed him that "he injured his right foot on the jobsite while walking on uneven terrain."

Mr. Bailey completed an "employee questionnaire" on the day of the injury. In describing how the injury occurred, he stated that he "was walking to the moffett after I moved my work truck at the jobsite" when he felt the "snap" in his foot.

Mr. Bailey followed Mr. Shultz's directions and went to the walk-in-clinic that day. Treatment notes stated the injury occurred "when he went to step today at work" and felt a "loud pop" on the bottom of his right foot. The provider "strongly suspected" a plantar fascia tear, ordered an MRI, and restricted Mr. Bailey to sedentary duty, which Country Farm could not accommodate.

The MRI revealed at least a longitudinal tendon tear and suspected full-thickness tear with possible retraction. At a follow-up visit, the provider ordered an immediate orthopedist referral and kept Mr. Bailey on sedentary duty.

On November 9, County Farm filed a First Report of Injury that stated Mr. Bailey's injury occurred when he "stepped on the moffett and something popped in his right foot."

Country Farm offered a panel of orthopedists, and Mr. Bailey chose Dr. Jeffrey Herring. His record noted that Mr. Bailey was delivering materials, and the "terrain was uneven at the new work-site place." Dr. Herring diagnosed a tendon tear/rupture. He went on to note that the "work injury with the uneven terrain was more than likely the causative injury." He recommended surgical repair and restricted Mr. Bailey from driving commercially but wrote he could work at a sitting job.

Country Farm then denied Mr. Bailey's claim on the grounds that he suffered an "idiopathic" injury. Mr. Bailey filed a Petition for Benefit Determination and in the supporting affidavit described the accident as follows: "On [November 2], I was walking on uneven terrain to load a moffett and stepped into a rut causing my right foot to point downward. When I went to step out of the rut, my foot popped." In his interrogatory responses, he stated that he "was walking on uneven terrain to load a moffett and my right foot stepped into a rut causing it to bend and pop."

At Mr. Bailey's deposition, he testified that his injury occurred when he pushed

---

[2] At the hearing, Mr. Bailey described a "moffett" as a forklift that is carried on the delivery truck and is used to load and unload building supplies onto and from the truck.

off with his right foot to remove it from the rut.  He felt the pop in his foot at that point.  At the hearing, Mr. Bailey testified consistently with his deposition testimony.

When asked about his various accounts of the accident, Mr. Bailey stated that there was no inconsistency—he had been walking across the rutted building site but was in the act of stepping onto the moffett when the injury occurred.  He provided a picture of the purported building site that showed considerable mud, rutting, and building debris.  However, it was taken a few weeks after the injury, and he was not the photographer.

As for medical proof, Mr. Bailey offered two reports from Dr. Herring.  The first was a "medical questionnaire" signed by Dr. Herring on November 24, 2020.  Dr. Herring wrote that Mr. Bailey's rupture of a degenerative tendon was "primarily (greater than 50%) related" to the November 2 incident and due to walking on uneven terrain.

Dr. Herring provided an additional causation opinion on a surgical "pre-certification" form signed on December 10.  He diagnosed a tendon tear that required surgery.  He further noted Mr. Bailey's "industrial injury" was the "major contributing cause" to Mr. Bailey's disability and need for surgery, and he did not consider any "prior diseases or conditions" to be contributing factors.

Finally, Mr. Bailey returned to Dr. Herring on May 27, 2021, which visit was not authorized by Country Farm.  Dr. Herring ordered an MRI that confirmed his previous diagnosis.  He again recommended surgery.

Mr. Bailey wore a boot to the hearing.  He testified that he never had problems with his right foot before the November 2 incident.  He remains unable to drive commercially and has not worked anywhere since his injury.  He continues to have considerable difficulty with his foot and wishes to undergo the surgery recommended by Dr. Herring.

### Findings of Fact and Conclusions of Law

Mr. Bailey must present evidence from which this Court can determine that he is likely to prove at trial that his right-foot tendon tear arose primarily out of and in the course and scope of his employment, as well as his entitlement to medical and temporary disability benefits.  *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Country Farm does not dispute that Mr. Bailey suffers from a tendon tear in his right foot.  However, it argues that the injury was idiopathic and thus non-compensable under workers' compensation law.  "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard."  *McCaffery v.*

3

*Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Dec. 10, 2015) (citations omitted). An idiopathic injury is only compensable if the employment hazard "causes or exacerbates the injury." *Id.* at *10.

Country Farm bases its argument on two grounds: (1) Mr. Bailey's various inconsistent statements regarding how the incident occurred, and that the evidence points to the injury occurring before he attempted to step on to the moffett; and (2) the "uneven terrain" of the building site did not create an employment hazard sufficient to establish a non-idiopathic injury.

The Court does not find Mr. Bailey's various statements inconsistent; they simply do not provide a complete account of the accident. Many of the descriptions are contained in medical records that did not require a detailed account. The Court finds it significant that Mr. Schultz's email, which was sent on the day of injury, clearly stated that Mr. Bailey told him the pop occurred as he stepped onto the moffett. Many of the other accounts also refer to the moffett.

In his testimony, Mr. Bailey explained that his right foot was in a rut and he was in the process of stepping onto the moffett with his left foot when he felt the right-foot tendon snap. Country Farm offered no evidence but rather argument of asserted inconsistent statements to contest Mr. Bailey's credibility on this issue. Based on its observation of Mr. Bailey and the evidence presented, the Court finds Mr. Bailey to be a credible witness and that he is likely to prove his injury occurred as he described.

In determining whether this incident rises to the level of a "peculiar or additional" hazard of employment sufficient to cause an injury arising out of employment, the Court notes that the hazard need not be great. "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, *such as a puddle of water or a step*, in addition to the injured employee's ambulation." *Bullard v. Facilities Performance Grp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *11 (Aug. 17, 2018) (emphasis added). In *Bullard*, the employee injured herself after missing a single step she forgot was there as she exited a building. The Appeals Board determined the hazard was sufficient to make the injury non-idiopathic. *Id.*

The Court finds that Mr. Bailey's attempt to step onto the moffett while his right foot was in a rut is a sufficient employment hazard to make the injury non-idiopathic. In addition, Dr. Bailey's unrefuted opinion was that walking on uneven ground primarily caused Mr. Bailey's tendon tear, resulting disability, and need for surgery. Thus, the Court holds that Mr. Bailey is likely to prove that he sustained a right-foot tendon tear on November 2, 2020, that primarily arose out of and in the course and scope of his

employment.  *See* Tenn. Code Ann. § 50-6-102(14) (2020).[3]

Given this holding, the Court must now address benefits.  Regarding the unauthorized medical expenses Mr. Bailey incurred with Dr. Herring after Country Farm denied his claim, Mr. Bailey did not prove the reasonableness or necessity of these expenses.  *See Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016).  Thus, the Court holds that he is not entitled to reimbursement for these past expenses at this time.

However, as to continued medical treatment, the Court holds that Country Farm shall authorize further reasonable and necessary medical treatment with Dr. Herring for the November 2 work injury, including but not limited to, surgical repair of the tendon. *See* Tenn. Code Ann. § 50-6-204)(a)(1)(A).

The Court next considers temporary partial disability benefits.  An injured worker may be entitled to temporary partial disability benefits when the temporary disability resulting from a work-related injury is not total.  *See* Tenn. Code Ann. § 50-6-207(1)-(2). "Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Hackney,* at *11.  The injured worker must also show the difference between what he could have earned in his partially disabled state and his average weekly wage. Tenn. Code Ann. § 50-6-207(2)(A).

The undisputed testimony is that Mr. Bailey is currently under restrictions that limit him to a sitting job only and prohibit him from working as a commercial truck driver.  Country Farm is unable to accommodate those restrictions, and Mr. Bailey has not worked since his injury.  The Court holds that Mr. Bailey is entitled to temporary partial disability benefits at a rate of $422.06 from December 3, 2020, through the date of this order, for a total of $13,867.69.  Country Farm shall also pay ongoing temporary partial disability benefits until Mr. Bailey reaches maximum medical improvement, is released from his restrictions, or is able to return to work.

IT IS, THEREFORE, ORDERED THAT:

1. Mr. Bailey's request for reimbursement of unauthorized medical expenses is denied at this time.  Country Farm shall authorize Dr. Herring to continue providing reasonable and necessary medical treatment to Mr. Bailey, including but not limited to surgery.

---

[3] Even if Mr. Bailey's injury occurred as he walked across the muddy, heavily rutted building site before he attempted to step onto the moffett, it would still likely constitute a hazard that would make the injury non-idiopathic.

2. Country Farm shall pay Mr. Bailey temporary partial disability benefits at a compensation rate of $422.06 from December 3 through the date of this order, for a total of $13,867.69, as well as ongoing temporary partial disability benefits as long as Mr. Bailey's restrictions remain in place and he is unable to work, or he reaches maximum medical improvement. Mr. Bailey's attorney is entitled to fees of twenty percent from this award.

3. This case is set for a Scheduling Hearing on **Thursday, September 2, 2021, at 9:00 a.m. Central Time**. The parties must call 615-253-0010 to participate. Failure to appear might result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED on July 21, 2021.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Order Allowing Amendment to Witness List
5. Mr. Bailey's Witness and Exhibit List
6. Country Farm's Witness and Exhibit List
7. Mr. Bailey's Expedited Hearing Brief
8. Country Farm's Expedited Hearing Brief

Exhibits:
1. Denial Letter
2. Mileage Statement
3. Mr. Bailey's affidavit
4. Mr. Bailey's Medical Records and Bills
5. Mr. Bailey's deposition
6. First Report of Injury
7. Affidavit from Paul Schultz
8. Email from Paul Shultz
9. Choice of Physician Form for Satellite Med
10. Choice of Physician Form for Dr. Herring
11. Notice of Denial
12. Employee Questionnaire
13. Wage Statement
14. Interrogatory Responses
15. Picture of work site
16. Medical Bill
17. Recorded Statement Summary for I.D. only

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on July 21, 2021.

| Name | Certified Mail | Via Email | Email Address |
|------|------|------|------|
| Julie Reasonover | | X | julie@reasonoverlaw.com leanna@reasonoverlaw.com |
| Garrett Franklyn | | X | gpfranklyn@mijs.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

7



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*